IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HYPERHEAL HYPERBARICS, INC.,    *

    Plaintiff,    *      Civil Action No. RDB-18-1679

    v.    *

ERIC SHAPIRO,    *

    Defendant.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

Currently pending before this Court is Hyperheal Hyperbarics, Inc.'s ("Hyperheal") Motion to Modify Preliminary Injunction and for Sanctions. (ECF No. 49.) For the reasons stated herein, this Motion shall be referred to a Magistrate Judge for the issuance of a Report and Recommendation.

On August 2, 2018 Hyperheal filed a Motion for Preliminary Injunction. (ECF No. 31.) On August 15 and 17, 2018 this Court conducted a preliminary injunction hearing. (ECF Nos. 36, 39.) On September 6, 2018 this Court entered a Preliminary Injunction Order (ECF No. 45), enjoining Eric Shapiro from (1) asserting control over web domain names containing the phrase "Hyperheal" or any other intellectual property using the name "Hyperheal"; (2) pursuing the "Hyperheal Hyperbarics, Inc." trademark application; (3) attempting to control the name "Hyperheal"; and (4) using in commerce the trademarks "Hyperheal O2" and "Hyperheal."

1

Hyperheal's recent Motion (ECF No. 49) seeks a modification of the preliminary injunction order and for sanctions against Eric Shapiro. It argues that (1) Shapiro failed to produce a confidentiality agreement as required by this Court's August 17 bench order; (2) Shapiro falsely testified to this Court during the preliminary injunction hearing; (3) Shapiro failed to transfer ownership and control over all web domains containing "Hyperheal"; and (4) Shapiro likely destroyed emails from his Hyperheal email account shortly after the August 17 hearing. The Motion attaches several exhibits to bolster these claims.

Because this Court is conducting a multi-week bench trial, it is unable to grant a hearing on Hyperheal's Motion or rule upon the Motion in a timely manner. Accordingly, Hyperheal's Motion to Modify Preliminary Injunction and for Sanctions shall be referred to a Magistrate Judge for the issuance of a report and recommendation pursuant to Local Rule 301.5(a)-(b) (D. Md. 2018); 28 U.S.C. § 636(b)(1)(A) and (B). *See also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, AW-12-954, 2013 WL 2444132 (D. Md. 2013) (issuing report and recommendation finding that party had violated preliminary injunction order and recommending contempt remedy).

Accordingly, it is HEREBY ORDERED this 15th day of January, 2019 that:

1) Hyperheal's Motion to Modify Preliminary Injunction and for Sanctions (ECF No. 49) shall be referred to a Magistrate Judge, who will issue proposed findings of fact and recommendations to the District Judge.

2) The Clerk of Court shall transmit a copy of this Order to all counsel of record.

/s/ Richard D. Bennett
Richard D. Bennett
United States District Judge