# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

March 4, 2019

TO COUNSEL OF RECORD

Re: *Hyperheal Hyperbarics, Inc. v. Shapiro,* Civil No. RDB-18-1679

Dear Counsel:

This case was initially referred to me on January 16, 2019 (ECF 52) for a report and recommendation regarding ECF 49. On February 19, 2019, the case was also referred for all discovery and related scheduling (ECF 58). On February 8, 2019, Plaintiff filed a motion to extend discovery (ECF 55). Discovery closed on January 15, 2019 as to fact discovery and expert disclosures (ECF 48). This schedule was by consent of the parties. There were no modifications requested and no further written agreements by the parties extending the time. Plaintiff now, after the close of discovery, moves to extend discovery until March 18, 2019. Presumably that is extending the fact discovery and expert disclosure. No other changes were requested. Defendant has filed his response opposing the enlargement of time (ECF 57).

It is accurate to say that the parties do not agree on anything factually relevant to this motion. Plaintiff alleges the Defendant agreed to a "stay of discovery" pending the time the parties considered possible settlement. Defendant alleges and presents an email to support, that Defendant did not agree at all to a stay of discovery and would not have absent some disclosure of requested financial information from Plaintiff. Defendant also alleges Plaintiff used an intermediary to approach Defendant about settlement without consent and knowledge of counsel. Needless to say, there is a lot going on surrounding the time discovery was supposed to be proceeding – everything except good efforts at obtaining discovery. Plaintiff states that the parties were limiting discovery efforts to save money in the attempt to settle the litigation. Efforts to settle have failed and here we are.

As the Court stated in *Potomac Elec. Power,* "[r]ule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a scheduling order. *Potomac Elec. Power Co. v. Electric Motor Supply, Inc.* 190 F.R.D. 372, 375 (D.Md. 1999). Recognizing that some flexibility was necessary, the drafters provided in Rule 16(b) that a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil Company, Inc. v. Federated Mutual Insurance Company,* 986 F.Supp. 959, 980 (D.S.C.1997), *aff'd by unpublished opinion,* 129 F.3d 116, 1997 WL 702267 (4th Cir.1997) (quoting authority). Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992). Indeed, a judge's scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D.Me.1985). Scheduling Orders are necessary tools in managing the district court's caseload as "[i]t is well known that we litigate these days under the burden of heavy

caseloads and clogged court calendars." *Id. Potomac Elec. Power Co. v. Electric Motor Supply Inc.,* 190 F.R.D. 372, 375-76 (D. Md. 1999).

In this case, I agree with Defendant that it is questionable whether Plaintiff has established good cause. The basis upon which Plaintiff relies, the parties alleged agreement to stay discovery, remains in dispute. An additional problem for Plaintiff in this case is that Plaintiff waited from January 15, 2019 until February 8, 2019 to file the motion to enlarge the time. Good cause requires a finding that the deadlines cannot be met despite a party's diligent efforts. *Dilmar Oil Co., supra.* In this case, because the facts remain in dispute as to the agreement to stay the proceedings, this Court will GRANT the motion to extend discovery, (ECF 55) by extending the time for fact discovery and expert disclosure until March 18, 2019.

Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge