IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HYPERHEAL HYPERBARICS, INC. :

v. : CIVIL NO. RDB-18-1679

ERIC SHAPIRO :

## REPORT AND RECOMMENDATION

On January 16, 2019, this case was referred to me for a Report and Recommendation regarding ECF 49, Motion for Preliminary Injunction for modification and for sanctions filed by Plaintiff Hyperheal Hyperbarics (ECF 51-2). The Court directed I conduct an inquiry as to four allegations (1) that Defendant Shapiro failed to produce a confidentiality agreement as required by Order of August 17 (2) Shapiro falsely testified to this Court during the preliminary injunction (3) Shapiro failed to transfer ownership and control over all web domains containing "Hyperheal" and (4) Shapiro likely destroyed emails from his Hyperheal email account shortly after the August 17 hearing. The parties fully briefed their positions and included extensive exhibits to their briefings. I have reviewed all of those materials and conducted a hearing in open court and heard argument from counsel on each of these issues. I incorporate the record of the motions hearing fully as part of this Report and Recommendation (ECF 75).

As to the first issue, there is no need for the Court to report factual findings and recommendations. The parties agreed on the record that the issue is MOOT. Therefore, I recommend the Court Dismiss as MOOT the issue of whether Shapiro failed to produce a confidentiality agreement. It has been produced.

As to the second issue, whether Shapiro testified falsely at the Preliminary Injunction hearing, I find that there was no use of the email address in question after the Preliminary

Injunction Hearing. Plaintiff has failed to present any evidence of false testimony. Therefore, I recommend the Court DISMISS the second allegation to the Motion.

With respect to the third issue that Shapiro failed to transfer ownership and control over all web domains containing "Hyperheal", the parties have agreed to contact GoDaddy to ensure that the domain names are properly transferred to the Plaintiff. Therefore, I recommend that the Court dismiss the third allegation as MOOT by consent of the parties. I would be remiss in not remarking that it is uncontested that Defendant actually contacted the Plaintiff after receiving notice from GoDaddy that the domain names were expiring. Plaintiff did not take any action at that time to remedy the domain names. Plaintiff instead filed this motion including this allegation that lacked any evidence in support.

The fourth issue Plaintiff presents is that Shapiro destroyed emails very shortly after the August 17 hearing by deleting them from Plaintiff's server. Plaintiff bases this allegation on the fact that the system administrator and Plaintiff were the only two people with passwords and the system administrator says he did not delete them. Other than that argument, Plaintiff presented no evidence whatsoever that showed Shapiro acted in any way to delete the emails. Shapiro argued that access is alleged by Plaintiff to be from an AT&T device and he has a different carrier. While I find that fact to be unconvincing in any way, it is not Defendant's burden to prove he did not delete any emails. It is Plaintiff's burden and again they have failed to provide sufficient evidence to the Court to support this allegation. In fact, the Court received a correspondence from Plaintiff today which stated that a third party, GoDaddy actually hosted the email server. Plaintiff did not even know whose server these emails were on much less who had control over that server. There is insufficient evidence before the Court from Plaintiff to support their allegation. I recommend the Court DISMISS the fourth issue.

For the reasons set forth above and in the record I recommend the Court adopt these findings and DISMISS the Motion, ECF 49.

_____
A. David Copperthite
United States Magistrate Judge